NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 03 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DESRA R. LARKINS, <br><br>             Plaintiff - Appellant, <br><br> v. <br><br> CAROLYN W. COLVIN, Commissioner of Social Security Administration, <br><br>             Defendant - Appellee. | No. 14-36092 <br><br> D.C. No. 6:13-cv-01661-BR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted December 29, 2016[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Desra Larkins appeals the district court's summary judgment affirming the

Commissioner of Social Security's denial of Larkins's application for disability

insurance benefits under Title II of the Social Security Act.  Reviewing de novo,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we may set aside a denial of benefits only if it is not supported by substantial evidence or rests on legal error. *Ghanim v. Colvin,* 763 F.3d 1154, 1159 (9th Cir. 2014). We affirm.

The ALJ provided specific, clear, and convincing reasons for finding that Larkins had diminished credibility. First, the ALJ properly found that Larkins exaggerated her symptoms. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (holding that a claimant's exaggeration is a specific and convincing reason to discount the claimant's credibility). Second, the ALJ properly found that Larkins' daily activities were inconsistent with her alleged limitations. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Third, the ALJ properly found that Larkins made inconsistent statements about additional surgery. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (holding that an ALJ may consider various factors including a claimant's testimony that appears "less than candid") (citation and internal quotation marks omitted). Finally, because the ALJ gave specific, clear and convincing reasons for finding Larkins not fully credible, any error in the additional reasons the ALJ provided for finding Larkins not fully credible was harmless. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (concluding that, even if the record did not support one of the

2

ALJ's stated reasons for disbelieving a claimant's testimony, the error was harmless).

The ALJ provided specific and legitimate reasons for rejecting the opinion of treating physician, Dr. McNabb, that Larkins would not be able to sustain a 40-hour work week on a consistent basis and would need to be absent from work two or more days a month. First, the ALJ correctly noted that Dr. McNabb had limited contact with Larkins. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that an ALJ need not accept the opinion of a doctor that is inadequately supported by clinical findings). Second, the ALJ properly found that Dr. McNabb's opinion was inconsistent with other examiners and with his own findings. *Id.*

Accordingly, substantial evidence supports the ALJ's determination that Larkins was not disabled within the meaning of the Social Security Act.

**AFFIRMED.**